UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>HOLSUM OF FORT WAYNE, INC.,<br><br>    Defendant. | Case No. 3:24-CV-702<br><br>Complaint and Jury Trial Demand<br><br>Electronically Filed |

**Nature of the Action**

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Pamela Miller. As alleged with greater particularity in paragraphs 13 through 27 below, Holsum of Fort Wayne, Inc., failed to provide Miller with a reasonable accommodation via a modification to its policy prohibiting "personal items" from its production areas. The accommodation was necessary to allow Miller to use her walker, a personal mobility device she used to walk distances greater than one hundred feet, to access her workstation, restroom, and breakroom. Miller's disabilities substantially limit one or more major life activities, including walking. Instead of accommodating her, Holsum required her to take leave and terminated her employment.

**Jurisdiction and Venue**

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of

1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Indiana.

### Parties

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant, Holsum of Fort Wayne, Inc. (the "Employer"), has continuously been an Indiana corporation doing business in the State of Indiana and the City of LaPorte, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5), (7).

6. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

### Administrative Procedures

7. More than thirty days prior to the institution of this lawsuit, Pamela Miller filed Charge Number 470-2021-03703 with the Commission alleging violations of the ADA by Defendant Employer.

8. On March 18, 2024, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant Employer to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. From March to June 2024, the Commission engaged in communications with Defendant Employer to provide the opportunity to remedy the unlawful employment practices identified in the letter of determination.

10. The Commission was unable to secure from Defendant Employer a conciliation agreement acceptable to the Commission.

11. On June 20, 2024, the Commission issued to Defendant Employer a Notice of Failure of Conciliation advising Defendant Employer that the Commission was unable to secure from Defendant Employer a conciliation agreement acceptable to the Commission.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## Statement of Claims

13. Since at least July 2021, Defendant Employer has engaged in unlawful employment practices at its La Porte, Indiana, facility, in violation of Section 102(b)(5) of Title I of the ADA, 42 U.S.C. § 12112(b)(5).

14. At all relevant times, Pamela Miller has been a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Miller has impairments, arthritis and degenerative lumbar disc disease, that substantially limit one or more major life activities.

15. At all relevant times, Miller satisfied the job-related requirements, and successfully performed the essential functions, of the position she held, Bun Indexer.

16. In and before August 2020, Defendant Employer, through one of its supervisors, authorized Miller to use a walker to walk throughout the facility.

17. Approximately one year later, in July 2021, Defendant Employer, through its Human Resources Manager, told Miller that use of the walker on Defendant's production floor violated Defendant Employer's Good Manufacturing Practices Policy.

18. Also in July 2021, Miller informed Defendant Employer she was using the walker to walk throughout the facility because of her disability, arthritis.

19. On or about August 3, 2021, Defendant Employer acknowledged that Miller disclosed her disability and requested a reasonable accommodation, but directed Miller to stop using the walker and to take a leave of absence if she was unable to work without using the walker.

20. Miller started a leave of absence on or about August 5, 2021.

21. In and around August and September 2021, Miller provided to Defendant Employer documentation from her physician indicating that Miller needed a walker for walks of over one hundred feet because Miller's disability, degenerative lumbar disc disease, caused pain and lack of stability after walking beyond that distance.

22. Despite acknowledging Miller's disclosure of her disabilities and request for reasonable accommodation, Defendant Employer refused to modify its policy to allow Miller to use her walker for walks within its facility of over one hundred feet.

23. In order to perform her job, Miller needed to walk more than one hundred feet within Defendant Employer's facility daily: to report to her workstation at the

beginning of her shift, to visit the break room and restroom, and to depart her workstation at the end of her shift.

24. In or around October 2021, Defendant Employer again told Miller she needed to work without her walker or take a leave of absence.

25. On or around October 25, 2021, Defendant Employer requested information from Miller about when she would be able to return to work.

26. On or around November 2, 2021, Defendant Employer acknowledged rejecting Miller's request for reasonable accommodation and terminated Miller's employment.

27. Defendant Employer refused to provide Miller's requested reasonable accommodation or any other effective accommodation.

28. The effect of the practices complained of in paragraphs 13 through 27 above has been to deprive Miller of equal employment opportunities and otherwise adversely affect her status as an employee, because of her disability.

29. The unlawful employment practices complained of in paragraphs 13 through 27 above were intentional.

30. The unlawful employment practices complained of in paragraphs 13 through 27 above were done with malice or with reckless indifference to the federally protected rights of Miller.

## Prayer for Relief

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation

with it, from failing to provide reasonable accommodation to qualified individuals with disabilities.

  B. Order Defendant Employer to institute and carry out policies, practices, and procedures which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

  C. Order Defendant Employer to make whole Miller, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

  D. Order Defendant Employer to make whole Miller by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 13 through 27 above, including medical expenses and lost or reduced retirement benefits, in amounts to be determined at trial.

  E. Order Defendant Employer to make whole Miller by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 13 through 27 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

  F. Order Defendant Employer to pay Miller punitive damages for its malicious and reckless conduct, as described in paragraphs 13 through 27 above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

## Jury Trial Demand

The Commission requests a jury trial on all questions of fact raised by its complaint.

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

KARLA GILBRIDE
General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

KENNETH L. BIRD
Regional Attorney

/s/ *Brandon Skates*

Brandon Skates, No. 30433-49
Trial Attorney
EEOC Indianapolis District Office
115 West Washington Street
South Tower, Suite 600
Indianapolis, Indiana 46204
Direct Dial: 463-999-1154
Email: Brandon.Skates@eeoc.gov